[Civ. No. 12897. Second Dist., Div. Two. Mar. 19, 1942.]

VERNE WOOD, Appellant, v. FRANK W. POWERS et al., Defendants; ROGER AVERILL, Respondent.

Wilbert C. Hamilton, John F. Hoornaert and Walter Gould Lincoln for Appellant.

Neice & Crane, De Forest M. Neice and Winthrop M. Crane for Respondent.

STEPHENS (Jess E.), J. pro tem.—This is an action to recover money paid as the purchase price for corporate stock. Defendant Averill alone answered and he will be hereinafter referred to as defendant.

The complaint was, in form, for money had and received, and upon the trial before the court without a jury it appeared that plaintiff's assignor in December, 1934, purchased certain stock of the Monarch Gold Mining Company, a corporation organized under the laws of the State of Nevada. Plaintiff's assignor, Miss Beale, was a secretary in the office of one of her present counsel, who at that time represented defendant (but not the corporation) herein. Defendant was a stockholder in the above named corporation and frequently discussed with Miss Beale and the attorney the prospects of the mine belonging to the corporation and located in California. Both became interested in it and visited the mine, and eventually purchased stock in the corporation. Defendant, although active in taking numerous persons to see the mine and extolling its possibilities, was not an officer or agent of

the corporation, or, so far as appears, connected with it in any manner other than as a stockholder.

Called as a witness by plaintiff under section 2055 of the Code of Civil Procedure, defendant testified that perhaps 40 people purchased stock as a result of his taking them to see the mine; that none of this stock was his own; that he was interested only as a stockholder in the success of the mine. In answer to the question, "Did you sell him [meaning a specific purchaser] any shares of the Nevada Monarch stock?" defendant replied: "I sold him some shares that belonged to Mr. F. W. Powers." Similar reply was given to at least one other such question. Upon cross-examination defendant was asked by his own counsel: "This stock that you testified on examination by Mr. Lincoln was sold to them, was that stock that was owned by Mr. Powers?" and he answered, "Yes." Objection to the question was afterward made by plaintiff's counsel, but no motion to strike the answer was made and no direct ruling made upon the objection; although when later defendant's counsel asked him, "Was that stock that had previously been issued to Mr. Powers?" objection was made by plaintiff's counsel and sustained.

There was no other evidence presented as to the ownership of any of the stock that was sold through the activities of defendant, whether it was or was not privately owned by Mr. Powers. No evidence whatever was offered as to the ownership of the specific stock purchased by Miss Beale, plaintiff's assignor, or whether if it was the privately owned stock of Mr. Powers he was a bona fide owner disposing of his own property for his own account or whether such sales were made directly or indirectly for the benefit of the issuer or an underwriter of such securities. No evidence was presented throwing any light upon the reason for the organization of the corporation in Nevada, and no evidence was offered indicating that this or any sale was made for the direct or indirect promotion of any scheme or enterprise with the intent of violating or evading any provision of the Corporate Securities Act.

At the conclusion of plaintiff's testimony defendant made a motion for nonsuit and this motion was granted. In granting the motion the court did not state the grounds upon which it was granted. The appeal is from the judgment of dis-

missal which followed the granting of the motion. It is well settled that upon such appeal the action of the trial court will be sustained if the motion might have been granted upon any ground, whether made a ground of the motion or not (*Balian* v. *Balian's Market,* 48 Cal. App. (2d) 150 [119 Pac. (2d) 426]; *Anchester* v. *Keck,* 214 Cal. 207, 213 [4 Pac. (2d) 934].)

At the time of the transaction complained of (December, 1934) the portion of the Corporate Securities Act with which we are here particularly concerned provided as follows (sec. 2 [c], 3): ''Except as herein expressly provided, the provisions of this act shall not apply to the sale of any security in any of the following transactions: . . . 3. The sale of securities when made by or on behalf of a vendor not the issuer or underwriter thereof who, being a bona fide owner of such securities, disposes of his own property for his own account, and such sale is not made, directly or indirectly, for the benefit of the issuer or an underwriter of such security, or for the direct or indirect promotion of any scheme or enterprise with the intent of violating or evading any provision of this act.'' (Amendment approved June 12, 1933; Stats. 1933, p. 2309.) Plaintiff's cause of action is based upon the claim that the transaction was in violation of the Corporate Securities Act, and that the securities were therefore void and plaintiff was entitled to the return of the money paid. The burden was of course upon plaintiff to prove that there was a violation and that there were present all of the elements which, under the act, were necessary in order to render the securities void. As clearly indicated by the recital hereinabove, plaintiff failed to make such necessary proof. The motion for nonsuit was therefore properly granted.

Counsel devote considerable discussion to the question of whether or not plaintiff's action was barred under the statute of limitations, but in view of what has already been said it will not be necessary to pass upon this question.

Judgment affirmed.

Wood (W. J.), Acting P. J., and McComb, J., concurred.